# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

JEFF CADE, *et al.*,                         §
                                             §
       *Plaintiffs*,                    §
                                             §
vs.                                          §      CIVIL ACTION H-10-4224
                                             §
BAC HOME LOANS SERVICING, LP,                §
                                             §
       *Defendant*.                     §

## ORDER

Pending before the court are defendant BAC Home Loans Servicing, LP's ("BACHLS") motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and plaintiffs Jeff and Robyn Cade's (the "Cades") motion for leave to amend, contained within their response to BACHLS's motion to dismiss. Dkt 10, Dkt. 17. In the alternative, BACHLS moves for a more definitive statement of the claim. Dkt. 10. After a review of the petition, BACHLS's motion, the Cades' response and request for leave to amend, BACHLS's subsequent reply, and the applicable law, the court is of the opinion that both the motion to dismiss and the motion for leave to amend should be GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The Cades, as a result of financial hardship, failed to pay the taxes on their property for 2008, which were due in early 2009. Dkt. 1, Ex. A.1. BACHLS paid these taxes in September 2009 to secure its investment, and added them onto the Cades' loan as unpaid escrow. *Id.* In October of 2009, the Cades filed for Chapter 7 bankruptcy, but continued making their mortgage payments. *Id.* In January of 2010, BACHLS allegedly agreed to accept a monthly payment of $250 from the Cades, in addition to the Cades' normal mortgage and escrow payments, to resolve the tax payment of the

previous year.  *Id.*  The Cades claim that they submitted their normal mortgage payments, along with the additional $250, in February, March, and April, as instructed.  *Id.*  BACHLS improperly posted their standard mortgage payment as a "miscellaneous payment" in February 2010, and then posted all payments to escrow in April 2010.  *Id.*  The Cades began receiving foreclosure notices in April 2010.  *Id.*  The Cades initiated the process of applying for a modification of their mortgage under the Home Affordable Modification Program ("HAMP") in June of 2010; as of the date of their response to BACHLS's motion, they have received no denial or notification of other options.  Dkt. 17.

The Cades filed this suit in Texas state court, asserting two breach of contract actions and promissory estoppel.  *Id.*  The original petition sought a Temporary Restraining Order to stay foreclosure proceedings, a suspension of foreclosure, actual damages including mortgage interest, and costs.  *Id.*  The foreclosure sale, originally scheduled for October 5, 2010, was stayed by a Temporary Restraining Order issued October 4, 2010, by the presiding state judge, and the case was removed to this court.  Dkt. 1, Ex. A.5.

## II. ANALYSIS

BACHLS moves for dismissal of all of the Cades' claims under Federal Rule of Civil Procedure 12(b)(6), claiming that the Cades' petition fails to state a claim upon which relief can be granted.  Alternatively, BACHLS seeks a more definitive statement of the Cades' claims under Federal Rule of Civil Procedure 12(e).

### A.    *Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, ___ U.S.___, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S.Ct. 1955 (2007).  Motions to dismiss for failure to state a claim are "viewed with disfavor, and are rarely granted."  *Lormand v.*

*U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The court uses a "two-pronged approach" in considering a motion to dismiss.  *Iqbal*,129 S.Ct. at 1950.  First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth."  *Id.*  The court then considers the remaining "well-pleaded factual allegations."  *Id.*  The court accepts as true all facts alleged in a complaint, and views the facts in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  A plaintiff's complaint survives a Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  In other words, the court must consider whether a plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  This plausibility standard requires a plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plaintiff must thus demonstrate "more than a sheer possibility that the defendant has acted unlawfully."  *Id.*

**B.    *Third-Party Beneficiary Status Under a HAMP Servicer Participation Agreement***

In analyzing the viability of the Cades' claims as pled, the court looks to the substantive law of contracts in the state of Texas.[1]  Here, the Cades assert third-party beneficiary status to BACHLS's agreement with the Secretary of the Treasury, made pursuant to HAMP.  Under Texas law, establishing a third-party beneficiary claim is a difficult burden; there is a presumption against

---

[1]Both parties have relied upon Texas law in their briefings.  Dkt. 17 ¶ 11, Dkt. 10 at 5.  The court, therefore, applies Texas law in this matter.

the finding and enforcement of third-party beneficiary agreements.  *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4, 12 (Tex. App.—Dallas 1988, writ denied).  The contracting parties' intent is controlling in determining whether a party is a third-party beneficiary of a contract.  *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503 (Tex. 1975); *see also Sowell v. Northwest Cent. Pipeline Corp.*, 703 F. Supp. 575, 581 (N.D. Tex. 1988).  In determining intent, Texas courts presume that parties contract only for themselves and not for the benefit of third parties, unless the obligation to the third party is clearly and fully spelled out.  *Talman Home Fed. Sav. & Loan Ass'n of Ill. v. Am. Bankers Ins.*, 924 F.2d 1347, 1351 (5th Cir. 1991); *Corpus Christi Bank & Trust*, 525 S.W.2d at 503–04; *MJR Corp.*, 760 S.W.2d at 10; *see Republic Nat'l Bank of Dallas v. Nat'l Bankers Life Ins. Co.*, 427 S.W.2d 76, 79 (Tex. Civ. App. 1968, writ ref'd n.r.e.).  In other words, a party claiming third-party beneficiary status will succeed or fail according to the contract terms, "as disclosed within the four corners of the instrument."  *Greenville Indep. Sch. Dist. v. B & J Excavating, Inc.*, 694 S.W.2d 410, 412 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *Republic Nat'l. Bank of Dallas* 427 S.W.2d at 79.

HAMP is a program established by the U.S. Department of the Treasury, the Federal Housing Finance Agency, Fannie Mae, and Freddie Mac, pursuant to the authority provided in the Emergency Economic Stabilization Act of 2008.  12 U.S.C. § 5201 *et seq*.  HAMP litigation is new and yet emerging; the majority of courts faced with HAMP questions, however, have determined that

no private right of action to enforce lender compliance exists under HAMP.[2]  This majority has declined to find a private right, and further rejected the theory that borrowers are intended third-party beneficiaries of the HAMP Servicer Participation Agreement ("SPA"), an agreement that incorporates obligations arising under the Emergency Economic Stabilization Act, and records a loan servicer's agreement to satisfy those obligations.  *See generally* Richard E. Gottlieb & Brett J. Natarelli, *Update on Loan Modification Litigation*, 66 Bus. Law. 539, 550 (2011).  BACHLS relies on this majority, and denies that the Cades are intended third-party beneficiaries of the SPA executed between BACHLS and the U.S. Treasury Secretary.  Dkt. 10 at 5.  BACHLS contends that, while a SPA may be entered into for the borrower's benefit, the borrower is an incidental beneficiary without standing to enforce the SPA.  *See Escobedo v. Countrywide Home Loans, Inc.*, No. 09cv1557 BTM(BLM), 2009 WL 4981618, *2-3 (S.D. Cal. Dec. 15, 2009) (order granting in part and denying in part defendant's motion to dismiss) (finding the SPA created incidental rather than intended beneficiaries among homeowners).

The Cades argue, and understandably so, that the purpose of HAMP is to help homeowners avoid foreclosure by securing loan modification.  In their response to the motion to dismiss, the Cades raise the *Marques* case to support the theory that borrowers are intended beneficiaries of

---

[2]*See, e.g., Adams v. U.S. Bank*, No. 10-10567, 2010 WL 2670702, at *4 (E.D. Mich. July 1, 2010); *Hoffman v. Bank of Am.*, N.A., No. C 10-2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010); *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 1:10-CV-00184 OWW GSA, 2010 WL 2629899, at *4 (E.D. Cal. June 29, 2010); *Simmons v. Countrywide Home Loans, Inc.*, No. 09cv1245 JAH(JMA), 2010 WL 2635220, at *5 (S.D. Cal. June 29, 2010); *Simon v. Bank of Am.*, N.A., No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010); *Marks v. Bank of Am.*, N.A., No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988, at *5-7 (D. Ariz. June 22, 2010).  *But see Marques v. Wells Fargo Home Mortg., Inc.*, 09-1985-L, 2010 WL 3212131 (S.D. Cal. Aug. 12, 2010) (a plaintiff may be able to state a claim against the defendant as an intended beneficiary of servicer participation agreement); *Reyes v. Saxon Mortg. Servs.*, No. 09cv1366 DMS (WMC), 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. November 5, 2009), (finding a claim of breach of contract of the HAMP SPA based on a third-party beneficiary theory to be plausible).

HAMP SPAs.  *See Marques v. Wells Fargo Home Mortgage, Inc.*, 09-1985-L, 2010 WL 3212131 (S.D. Cal. Aug. 12, 2010).  In *Marques*, Judge Lorenz concluded that  "the [SPA] on its face expresses a clear intent to directly benefit the eligible borrowers."  *Marques*, 2010 WL 3212131, at *6.  The *Marques* opinion makes it very plain that HAMP legislation was indeed enacted to assist and benefit homeowners, and that strict compliance with guidelines and regulations is expected under the SPA.  *Id.* at *5.  Judge Lorenz further reasoned, "that the Agreement does not expressly state that it was entered into for the borrowers' benefit is not fatal to Plaintiff's claim because the analysis of intended beneficiary status is not conditioned on such 'formalistic recitals.'"  *Id.,* 2010 WL 3212131, at *4, (quoting  *County of Santa Clara v. Astra USA, Inc.,* 588 F.3d 1237, 1243 (9th Cir. 2009), *rev'd,* ___ U.S. ____, 131 S.Ct. 1342 (2011)).  While the court agrees that helping homeowners avoid foreclosure is a central goal of HAMP, Judge Lorenz's reasoning stands counter to the weight of emerging authority, and Texas law.  Moreover, the case on which the *Marques* court relied has since been reversed by the Supreme Court of the United States.  *See Astra,* 131 S.Ct. at 1348.

*Astra* is an instructive case.  In that case, county-operated medical facilities brought an action against pharmaceutical manufacturers, alleging that they had been overcharged for certain drugs in violation of pharmaceutical pricing agreements between the federal government and drug manufacturers.  The Supreme Court reversed the Ninth Circuit and held that the pricing agreements in question simply incorporate statutory obligations and record manufacturers' agreements to abide by them.  *Id*.  A third-party suit to enforce these agreements, then, is effectively a suit to enforce the statute itself.  When a government contract confirms a statutory obligation, "'a third-party private contract action [to enforce that obligation] would be inconsistent with . . . the legislative scheme .

. . to the same extent as would a cause of action directly under the statute.'"  *Id.* (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2nd Cir. 2003)). [3]

Here, the Cades seek to enforce BACHLS's substantive obligations under the SPA executed between BACHLS and the U.S. Treasury.  While the Cades do indeed fall within the class of individuals that the SPA and its underlying policies seek to benefit, no facts have been alleged that evince legislative intent to provide borrowers with a legal cause of action.[4]  The Cades cannot therefore be considered third-party beneficiaries to the SPA as a government contract.

Further, Texas courts analyze third-party beneficiary claims under substantive state law with a presumption that parties contract only for themselves, and extend third-party beneficiary status only when clearly authorized by the intent of the contracting parties as evidenced by the text of the agreement.  *Corpus Christi Bank & Trust*, 525 S.W.2d at 503–04.  The Cades have not alleged any specific language in the SPA that points towards intended third-party beneficiary status for borrowers.  *Cf. Joern v. Ocwen Loan Servicing, LLC*, No. CV-10-0134-JLQ, 2010 WL 3516907, *5 (E.D. Wash. Sept. 2, 2010) (dismissing a breach of contract claim where the plaintiffs failed to identify any term of a SPA clearly articulating an intent to confer third party beneficiary status).  A right to enforce compliance is not included within "the four corners of the instrument," and so the

---

[3]Justice Ginsberg, writing for the Court in *Astra,* noted the apparently ineffective oversight and enforcement of the pharmaceutical pricing agreements in question, but reasoned that "Congress did not respond to the reports of inadequate HRSA enforcement by inviting [entities] to launch lawsuits in district courts across the country."  *Astra*, 131 S. Ct. at 1350.  The rising tide of HAMP litigation suggests similarly inadequate oversight of HAMP regulations.  The court cannot bypass Congressional authority to strengthen enforcement measures, however, by manufacturing a private right of enforcement that does not presently exist.

[4]A template SPA is available for review at http://www.hmpadmin.com (last visited June 9, 2011).

presumption against conferring third-party rights has not been effectively rebutted.  *Republic Nat'l.*

*Bank of Dallas* 427 S.W.2d at 79; *Greenville Indep. Sch. Dist.*, 694 S.W.2d at 412.

It is undisputed that defendant lending institutions have an obligation to follow applicable

contract laws and HAMP guidelines.  As many courts have noted, however, borrowers do not have

standing to challenge compliance by lending institutions.  *Simon v. Bank of Am.*, N.A., No.

10-cv-00300-GMN-LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) (collecting cases).

Asserting rights as a third party amounts to asserting a private right of enforcement on a contract;

absent clear contractual intent to confer third-party beneficiary rights, the Cades do not have standing

to bring an action for breach of contract under HAMP or Texas law.[5]

C.      *Promissory Estoppel*

In order to maintain an action for promissory estoppel, the Cades must show that: (1)

BACHLS made a promise to the Cades; (2) the Cades reasonably and substantially relied on the

promise to their detriment; (3) the Cades' reliance was foreseeable; and (4) injustice can only be

avoided by enforcing that promise.  *Stanley v. Citi-Fin. Mortg. Co.*, 121 S.W.3d 81, 820 (Tex.

App.—Beaumont 2003, pet. denied).  The "vital principle is that he who by his language or conduct

leads another to do what he would not otherwise have done, shall not subject such person to loss or

injury by disappointing the expectations upon which he acted."  *Wheeler v. White*, 398 S.W.2d 93,

96 (Tex. 1965).  The majority of Texas courts permit a plaintiff to assert promissory estoppel as an

affirmative basis for relief, despite the fact that estoppel is ordinarily a defensive theory.  *Medistar*

---

[5]*See also, Astra USA, Inc. v. Santa Clara Cnty.*, 131 S.Ct. at 1348 ("'The distinction between an intention to benefit a third party and an intention that the third party should have the right to enforce that intention is emphasized where the promisee is a governmental entity.'" (quoting 9 J. Murray, Corbin on Contracts § 45.6, p. 92 (rev. ed.2007)).

*Corp. v. Schmidt*, 267 S.W.3d 150, 163 (Tex. App.—San Antonio, 2008, pet. denied) (collecting cases).

BACHLS argues in its motion to dismiss that a HAMP claim forms the underlying basis of the Cades' claim of estoppel, and recites again the absence of a private right of action for borrowers under HAMP.  Dkt. 10 at 7.  BACHLS then attacks the existence of an enforceable promise in BACHLS's alleged promise to "consider [the Cades] for a loan modification," claiming that this promise fails to satisfy the *Twombly* minimum pleading requirements because it is not clear enough to invite any detrimental reliance.  *Id.*; Dkt. 1, Ex. A.1 ¶ 30.  BACHLS further argues that the Cades have not alleged a satisfactory violation of the promise pled.  Dkt. 10 at 7.  Finally, BACHLS argues that the Cades have not demonstrated substantial reliance, as they have alleged no facts as to a change in position or altered conduct.  BACHLS asserts that the Cades were in default before applying for a modification, and have not alleged any change in status or incursion of detriment based on the promise to consider the loan.  Dkt. 10 at 7; Dkt 1, Ex A.1 ¶¶ 8-9, 12.

There is no private right of action under HAMP.  *Simon v. Bank of Am., N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010).  Only the government can enforce compliance with HAMP regulations, and it is not required to do so.  The Cades allege a promise to consider the loan, but allege no facts to suggest the loan was not considered.  Indeed, the petition alleges a prolonged period of consideration and repeated representations by BACHLS that the Cades' loan was still being considered.  Dkt. 1, Ex. A.1 ¶¶ 21, 30.  Foreclosure in the meantime, while possibly a violation of HAMP guidelines, does not give rise to a cause of action in the borrower.  *See* Dkt. 1, Ex. A.1, Ex. F (HAMP Supplemental Directive 10-02, stating, "A servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure sale unless and until . . . the borrower is evaluated for HAMP and is determined to be ineligible . . . .); *see, e.g., Escobedo v.*

9

*Countrywide Home Loans, Inc.*, 2009 WL 4981618, at *2 (holding qualified HAMP borrower would not be reasonable in relying on HAMP guidelines as manifesting intention to confer right on him or her).  The Cades assert that they made payments as directed at least through May 2010, but they do not allege that this continuation of payment was conditioned on approval for a HAMP modification.  Moreover, even if they were to make such an allegation, continuation of payment is a pre-existing obligation and does not amount to detrimental reliance; the Cades were bound to make mortgage payments long before applying for HAMP consideration.  The petition alleges "threadbare recitals of the elements" of promissory estoppel, and does not present facts beyond "naked assertions devoid of further factual enhancement." *Iqbal,* 129 S.Ct. at 1949.  Thus, the petition fails to state a claim for promissory estoppel.[6]

## D.    *Breach of Security Agreement*

To establish a claim for breach of contract under Texas law, the Cades must show that: (1) they had a valid, enforceable contract with BACHLS; (2) the Cades performed or tendered their obligations under the contract; (3) BACHLS breached that contract; and (4) BACHLS's breach caused injury to the Cades.  *Stevenson v. Verizon Wireless, Inc*., No. 3:08-CV-0168-G, 2009 WL 129472, at *8 (N.D. Tex. January 16, 2009); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Homeowner's Ass'n*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied).

_____

[6]The Cades' response to BACHLS's motion reargues their promissory estoppel claim and asserts reliance not on the promise to consider their loan for modification, as in the original petition, but on BACHLS's promise to accept payment toward the tax arrearage. Dkt. 17 ¶ 14-15. This too is insufficient to raise promissory estoppel, however, as the tax arrearage was an existing debt at the time of agreement.  The Cades were already obligated to discharge this debt, and so cannot allege to have done something that they "would not otherwise have done." *See Wheeler v. White*, 398 S.W.2d at 96 ("The binding thread which runs through the cases applying promissory estoppel is the existence of promises designedly made to influence the conduct of the promisee.").

BACHLS asserts that, in order to enforce the alleged security agreement, the Cades must demonstrate the existence of a valid and enforceable contract and will further have to prove that they performed or tendered performance under the agreement, but that the "vague reference" to the security agreement does not give BACHLS notice as to which agreement the Cades refer.  Dkt. 10 at 6.  BACHLS points to the facts as pled, which claim that the Cades were current on their mortgage through 2008 and their taxes through 2007.  Dkt. 1, Ex A.1 ¶¶ 8-9.  BACHLS argues that, under these facts, the Cades were already in default on the loan, and the Cades' breach was antecedent to any alleged breach by BACHLS and was the true proximate cause of their damages and the foreclosure proceedings.  Dkt. 10 at 6.  BACHLS further argues that the security agreement claim, as pled, is simply a HAMP claim bootstrapped to a contract claim, and absent a private cause of action under HAMP, it should be dismissed.

The Cades' original petition states that BACHLS executed a "security agreement" with the Cades "whereby they agreed to comply with federal, state, and local laws."  Dkt. 1, Ex. A.1 ¶ 29. The Cades allege that BACHLS's failure to abide by HAMP program directives amounts to a direct violation of this security agreement.  *Id.*  This mention of a security agreement appears to refer to the January 2010 agreement whereby the Cades agreed to pay $250 per month for 60 months to resolve the previous year's tax payment, in addition to the normal mortgage payment and current escrow.  Dkt. 1, Ex. A.1 ¶ 14.

The original pleading does not allege facts sufficient "to raise a right to relief above the speculative level."  *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.  It makes only a bare-bones reference to an agreement formed in January 2010, and later labels this a "security agreement."  Dkt. 1, Ex. A.1 ¶ 14, 29.  While the first reference states that the agreement is for the repayment of taxes, the "security agreement" language, which comes in the section headed "Causes of Action," states

11

only that the agreement required compliance with the law. *Id.* In order to state a claim, the Cades will have to assert the existence of a valid contract, that BACHLS breached that agreement, that they performed under the agreement, and that BACHLS's breach caused their damages. The facts pled are insufficient to raise more than speculation as to these elements.[7]

**E.      Request for Leave to Amend**

The Cades' several claims appear to have undergone a significant reorganization in their response to BACHLS's motion to dismiss. The Cades have moved for leave to amend, and BACHLS has requested a more definitive statement, should the court deny its motion to dismiss. Since there is no private right of action under HAMP, the court finds that an amendment to the claims as a third-party beneficiary would be futile. Further, neither the complaint nor the response alleges facts plausibly suggesting detrimental reliance. The court finds that an amendment to the promissory estoppel claim would likewise be futile. Thus, those claims are DISMISSED WITH PREJUDICE. However, the Cades may be able to plausibly state a claim for breach of the security agreement.[8] Thus, the court GRANTS the Cades' motion to amend as to that claim only.

As BACHLS has noted, this breach of security agreement claim must satisfy the statute of frauds. Dkt. 20 at 5. The Cades' amended pleading, if it is to survive, must allege facts that the

---

[7] If the Cades intend to allege a violation of HAMP regulations as the predicate violation for enforcement of this agreement, the court will reiterate that there is no private right of action under HAMP.

[8] The court looks principally to the petition in considering this motion to dismiss, but has reviewed the subsequent filings to determine the viability of an amended complaint. The Cades' response rises to the *Iqbal* plausibility standard for breach of contract by alleging that the Cades performed under the agreement by paying the agreed monthly amount of $250, which BACHLS then misapplied. Dkt. 17 ¶ 9. This misapplication of funds, after which the Cades received notice of foreclosure, may amount to a breach of this agreement to accept the monthly payment toward the tax arrearage. *Id.*

agreement of January 2010 was in writing, subject to the statute of frauds for loan agreements, as well as the ethical strictures of Rule 11 of the Federal Rule of Civil Procedure.  TEX. BUS. & COM. CODE §26.02(b).  If the Cades claim an exception to the statute of frauds by promissory estoppel, they will further need to demonstrate that BACHLS promised to reduce the agreement of January 2010 to a writing.  *1001 McKinney Ltd. v. CSFB Mortg. Capital*, 192 S.W.3d 20, 29 (Tex. App.—Houston

 2005, pet. denied).

### III. CONCLUSION

Upon consideration of the law and the facts presented, the court GRANTS the Cades leave to amend their complaint, as it pertains to the breach of the security agreement only. The court DENIES BACHLS's motion to dismiss as it pertains to the breach of the security agreement as MOOT. The court GRANTS BACHLS's motion to dismiss as it pertains to any claim arising under HAMP, or any claim of third-party beneficiary status to a HAMP agreement, and further GRANTS dismissal of the promissory estoppel claim for failure to show substantial detrimental reliance. These claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on this June 20, 2011.

Gray H. Miller
United States District Judge

13